**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| O'REILLY AUTOMOTIVE STORES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:20-03163-CV-RK |
| REFLEXIS SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the motion to dismiss Count V of Plaintiff's Complaint filed by Defendant Reflexis Systems, Inc. (Doc. 14.) The motion is fully briefed. (Docs. 15, 17, 35.) After careful consideration, the motion is **PROVISIONALLY GRANTED**. The Court **PROVISIONALLY DISMISSES** Count V.

**Background**

The following background is taken from the Complaint. (Doc. 1-2.) O'Reilly sells after-market automobile parts and ancillary products. This case stems from a project between O'Reilly and Reflexis, where the parties entered into a Master Agreement on April 15, 2014, for Reflexis to provide O'Reilly with a software system and services for timekeeping and scheduling. Leading up to the agreement, the parties discussed O'Reilly's requirements, which included that the software system would be hosted at O'Reilly's corporate data center in Springfield, Missouri. The software system also needed to ensure compliance with local laws and regulations and ensure efficient scheduling of O'Reilly's workforce. O'Reilly alleges that, for a period of three years, Reflexis was unable to provide a successful pilot system to test in a store. According to O'Reilly, by summer 2017, Reflexis suggested that the project shift to a version that could be hosted in the cloud, rather than on-premises. The parties then entered into a Statement of Work Addendum on June 30, 2017, where additional requirements were set forth for the new proposed cloud system. Ultimately, on June 25, 2019, O'Reilly provided Reflexis with a notice of failure and termination due to Reflexis not providing the agreed to software.

O'Reilly filed this action on April 28, 2020, asserting claims for damages based on theories of breach of contract (Count I), money had and received (Count II), unjust enrichment (Count III),

negligent misrepresentation (Count IV), fraudulent misrepresentation (Count V), breach of express warranty (Count VI), and breach of implied warranty (Count VII). Reflexis seeks to dismiss O'Reilly's fraudulent misrepresentation claim (Count V) for failure to properly plead allegations of fraud under Federal Rules of Civil Procedure 12(b)(6) and 9(b). O'Reilly responds that while it believes it has pled sufficient facts in support of Count V, if the Court disagrees, O'Reilly should be permitted to amend Count V.

## Legal Standards

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss a party's claims for "failure to state a claim upon which relief can be granted[.]" To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quotation marks and citation omitted).

Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Whereas, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "This particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Benaissa v. Trinity Health*, 963 F.3d 733, 739 (8th Cir. 2020) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)) (internal quotation marks omitted). To satisfy the particularity requirement, "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). "Put another way, the claim must identify who, what, where, when, and how." *United States ex rel. v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citing *Costner*, 317 F.3d at 888) (internal quotation marks omitted).

**Discussion**

To state a claim for fraudulent misrepresentation under Missouri law,[1] a plaintiff must plead:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131-32 (Mo. 2010).

Reflexis argues that O'Reilly's allegations fail to state the "who, when, or where" details of its actions to support the fraudulent misrepresentation claim. Reflexis further argues that O'Reilly failed to allege facts demonstrating that Reflexis knew its representations were false at the time they were made. The Court will address each of those arguments in turn.

To begin, merely naming Reflexis as the "who" falls short of the particularity requirement. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 898 (8th Cir. 2014) (Rule 9 particularity requirement not met where complaint did not identify the company representatives who engaged in the alleged misrepresentations). The Complaint itself identifies only one individual at Reflexis, its CEO, Prashanth Palkurthi, but does not attribute to him any particular alleged misrepresentation. (Doc. 1-2 at ¶¶ 30, 33.) However, two more individuals at Reflexis are identified in attachments to the Complaint as signatories to the parties' agreements: the Master Agreement is signed by Daniel Clarke, Reflexis' VP and CFO (*e.g.,* Doc. 17-1 at 49); the Statement of Work Addendum is signed by Brion D. Lucy, Reflexis' CFO (Doc. 17-1 at 64). Those attachments are incorporated into the Complaint and can be considered by the Court. *See* Fed.R.Civ.P. 10(c); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 921 (8th Cir. 2001).

On the other hand, O'Reilly also alleges that Reflexis made numerous misrepresentations leading up, and subsequent to, the signing of both the Master Agreement and the Statement of Work Addendum without attributing them to a particular speaker at Reflexis. (Doc. 1-2 at ¶¶ 5, 9, 22, 26, 35, 79). Such allegations are insufficient to state a claim. *Miner v. Schrieber*, No. 4:19-CV-95-SPM, 2020 U.S. Dist. LEXIS 116462, at *16 (E.D. Mo. July 2, 2020) (*citing Owen Cont'l Dev., LLC v. Vill. Green Mngmt.*, 2011 WL 5330412, at *5 (E.D. Mo. Nov. 4, 2011)) (vague

---

[1] It is undisputed that Missouri substantive law applies.

3

references to "Defendant" or "Defendants" do not satisfy Rule 9's particularity requirement; generally, the statements alleged to be fraudulent must be linked to a speaker). In addition, O'Reilly does not sufficiently allege "when" and "where" these misrepresentations were made. From the Complaint, outside of representations that are memorialized in the parties' agreements, it appears that alleged misrepresentations occurred (1) sometime prior to April 15, 2014, when the Master Agreement was signed, (2) sometime between April 15 and June 30, 2017, when the Statement of Work Addendum was signed, and (3) sometime in 2019 before O'Reilly sent Reflexis its notice of termination letter on June 25, 2019. This is insufficient to satisfy Rule 9's particularity requirement as to "when." *See Miner*, 2020 U.S. Dist. LEXIS 116462, at *17 (failing to identify the dates when the alleged misrepresentations were made does not satisfy Rule 9's particularity requirement; "September to October of 2017" is insufficient). O'Reilly also falls short of pleading "where" these misrepresentations occurred given that it does not allege whether they occurred by telephone, in person, or in writing. *See id.* Because O'Reilly seeks to make claims for additional representations, it makes it unclear exactly what representations form the basis of Count V. Thus, the motion to dismiss will be provisionally granted.

Reflexis also alleges O'Reilly failed to allege facts demonstrating that Reflexis knew its representations were false at the time they were made. Although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally[,]" Fed. R. Civ. P. 9(b), a plaintiff must allege circumstances surrounding the alleged misrepresentations from which it could be reasonably inferred that the speaker either knew that the statement was false or that the speaker was reckless as to its falsity, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 853 (8th Cir. 2014). Here, O'Reilly's allegations as to knowledge are sufficient. First, the Complaint clearly alleges Reflexis promised it could deliver a system meeting O'Reilly's specification, but failed to deliver on its obligations arising from the memorialized agreements. According to the Complaint, no acceptable product was ever delivered to O'Reilly. From this, assuming Plaintiff can make sufficient allegations as to the individuals, it can be inferred that the representations were false or that the individual or individuals were reckless as to its falsity. Second, O'Reilly specifically alleges that Reflexis knew of the representations' falsity or was reckless as to its falsity. These allegations, in context of the circumstances of the entire Complaint are sufficient.

O'Reilly requests leave to amend its fraudulent misrepresentation claim to meet the particularity requirement, but did not attach a proposed pleading as required by L.R. 15.1(a).

### Conclusion

Accordingly, and for the reasons set forth above, the motion to dismiss Count V is **PROVISIONALLY GRANTED**.  Within fourteen (14) days of the date of this Order, O'Reilly may file a motion for leave to amend with an attached proposed amended complaint.  Failure to file a motion for leave to amend within that time, or failure to attach a proposed amended complaint that satisfies Rule 9's particularity requirement, will result in dismissal of Count V with prejudice.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 13, 2020